In the matter of the Probate of the Will of ALANSON ALLEN.

## April 30, 1878.

**Appeal from Judgment by one not a Party.**—On appeal to the district court by two contestants N. and O., from a judgment of a probate court admitting a will to probate, the appeal was dismissed as to N., but prosecuted to judgment in the district court by the other contestant, O. *Held*, that N. was not a party to that judgment, and had no right of appeal therefrom to this court.

**Notice of Appeal by Guardian ad Litem.**—A notice of appeal, by a person who is a guardian *ad litem* in a proceeding, defective in not stating specifically the character in which he acts in taking the appeal, is not a nullity, if it affirmatively appear from the return that he was in fact such guardian, and that he had acted in that capacity in conducting the litigation, and in prosecuting the appeal.

**Attestation of Will—Presence of Testator.**—The attestation of a will is sufficiently proved, if it be shown to have been in the conscious presence of the testator. No formal request need be proved.

**Same—Testator need not actually see Witnesses Sign.**—That the testator actually saw the attesting witnesses subscribe their names as such to the will need not be shown, when it appears that it was done in his immediate and conscious presence, so that he could have seen it if he had felt so disposed. Evidence held sufficient in this case to support the findings.

The will of Alanson Allen having been offered for probate, by Hiram D. Allen the executor, in the probate court for Ramsey county, its allowance was opposed by the children of the testator, represented by Harvey Officer, Esq., their guardian *ad litem*, and also by Mrs. Lois G. Nash, the mother-in-

law of the testator, and a legatee. The will having been admitted to probate, the contestants appealed to the district court for Ramsey county, where the appeal of Mrs. Nash was dismissed, because of her want of interest, and the issue on the validity of the will, between the proponent and the other appellant, was tried before *Brill*, J., without a jury, who found in favor of the will. A motion for a new trial was denied and the contestants appealed.

*Smith & Egan* and *Harvey Officer*, for appellants.

*Palmer & Bell*, for respondent.

CORNELL, J. The motion to dismiss the appeal as to Mrs. Nash must be granted, because she was not a party to the action or proceedings in which the order denying a new trial, which is the subject of the appeal, was made. Her connexion with the proceedings in the district court terminated upon the dismissal of her appeal from the probate court. She no longer remained a party, nor could she take any part in any future proceedings contesting the probate of the will, so long as the order of dismissal remained in force. If that order was erroneous to her prejudice, her remedy was to secure a reinstatement of her appeal, through a reversal of the order in some appropriate proceeding taken for that specific purpose.

As to the appellant Harvey Officer, guardian, etc., although his notice of appeal was technically defective in not fully and specifically stating in what capacity he was acting in prosecuting it, it nevertheless affirmatively appears from the record, that he had been duly appointed as the guardian *ad litem* of the minor children in the litigation, and we think it sufficiently appears that he prosecuted it in the district court, and took this appeal in their behalf, as such guardian, in pursuance of such appointment. The motion to dismiss as to him is therefore denied.

In our judgment, the findings of fact are fully supported by a clear preponderance of evidence, and they amply justify the probate of the will. According to such findings, the

testator had the requisite testamentary capacity at the time the will was made and executed; he appended his name thereto "with intent to execute it and give it effect as his last will and testament, in the presence of two competent witnesses, who severally attested the same, and subscribed their names thereto as witnesses, in the presence of the testator and of each other," and the will itself appears upon its face to have been regularly executed, attested and witnessed. The fact testified to, that his brother assisted him in holding the pen while he was affixing his signature, because of his physical weakness, made it none the less his individual, conscious and voluntary act. It must also be assumed from the findings that the will was both attested and subscribed by each of the witnesses in the conscious presence of the testator. Whether the attestation was formally requested by the testator, or not, is immaterial, and need not be considered, as under the statute, (Gen. St. *c.* 47, § 5,) no request is required. Neither is it important to determine whether the testator actually saw the subscribing witnesses subscribe their names as such, as it is quite clear, both from the evidence and the findings, that it was done in his immediate and conscious presence, and that he could have seen it, if he had felt so disposed. Order affirmed.