Samuel J. Mealey *vs.* Edward S. F. Nickerson and others.

November 1, 1890.

**Action by Stockholder on Cause of Action of Corporation.**—The rule that a stockholder cannot, ordinarily, maintain an action upon a cause of action accruing to the corporation, or for a wrong done to it, applied.

Action brought in the district court for Wright county, on a promissory note for $2,050. A demurrer to the answer was sustained by *Hicks*, J., and the defendants appealed.

*Hammons & Hammons* and *J. C. H. Engel*, for appellants.

*Jackson & Atwater* and *James C. Tarbox*, for respondent.

GILFILLAN, C. J. To an action on a promissory note made by defendants to plaintiff they answer alleging, as counterclaims or "set-offs," that at the date of the note plaintiff and two of the defendants

were the owners of all the stock, property, and assets of the Monti-cello Starch Company, then and still a corporation, and prior thereto plaintiff was secretary and managing agent thereof, and that the note, which was made in consideration of stock of the corporation sold by plaintiff to one of the defendants, was made upon the express agreement between the plaintiff and the two stockholding defendants that plaintiff should continue to act in his said capacity until May 1, 1889, (the note being dated December 31, 1888,) and have the sole management, control, and sale, and collection of the proceeds thereof, of all the product of said starch factory then on hand, consisting of about 250 tons of starch, and sell the same to the best advantage and for the best interests of said corporation; and alleges that plain-tiff, through carelessness, negligence, and inattention, failed to sell said starch to the best interests of said corporation and said defend-ants, and that defendants have been damaged thereby. The answer also alleges that plaintiff received a note given to and owned by the cor-poration, and converted the same to his own use, to defendants' dam-age. This is an attempt to set up in defendants' favor causes of action belonging to the corporation. It is true a clause in the answer alleges that, ever since the making of the note sued on, the defend-ants have been and still are sole owners of all the property and stock of the corporation. It does not allege how they became owners of its property, how its title passed from it to them. The allegation that defendants are the owners of the corporate property is clearly only a conclusion drawn from the fact that they own all the stock, which, of course, is erroneous. If they did, at the time of making the agreement, own the property, or afterwards acquired it, the agree-ment would not relate to a sale of it by plaintiff; for he agreed to act as agent of the corporation, not as agent of the defendants, and to sell its property, not theirs. The case is not one where a stock-holder may maintain an action upon a cause of action accruing to or for a wrong done to a corporation. *Rothwell* v. *Robinson*, 39 Minn. 1, (38 N. W. Rep. 772.)

Order affirmed.