CORNISH & COMPANY v. JOHN K. WEST and Others.[1]

May 22, 1903.

Nos. 13,518—(87).

Appeal—Rights of Parties not Appealing.

The appellant dairy association made disclaimer at the trial of any interest in the subject-matter of the litigation. The three remaining appellants, as to whom the court dismissed the action, were not injuri-

[1] Reported in 94 N. W. 1082.

ously affected by the judgment ordered, and this court cannot review the rights of other parties to the record who do not appeal.

Appeal by defendants, John K. West, George D. Hamilton, E. F. Harris and Detroit Dairy Association, from an order of the district court for Becker county, Baxter, J., denying a motion for a new trial. Affirmed.

*Harris Richardson* and *Jeff H. Irish,* for appellants.
*Cannon & Donnelly,* for respondent.

LOVELY, J.

This action was brought to recover on a contract to enforce a builder's lien on a creamery and forty acres of land. Demurrers to the complaint were entered by the defendants, which were originally sustained by the trial court, but upon appeal to this court it was held that the liability of fifteen defendants had been limited to $100 each, and that eleven other individual defendants were severally liable to pay one-eleventh of $1,300 of the purchase price of the property, which was a lien upon the interest of each therein. Cornish & Co. v. West, 82 Minn. 107, 84 N. W. 750.

After remand and answers by defendants, there was a trial, and considerable evidence received upon the issues made by the pleadings. The court made findings of fact, and, as a conclusion of law, held that the action should be dismissed against a number of the defendants, among whom were the individual appellants. As to eleven other individual defendants, judgment was ordered for $118.18 against each, and costs, which were adjudged to be liens on their interests in the property. No judgment was ordered against the defendant dairy association. There was a motion by plaintiff to amend the findings, which was granted in part; also a motion for amended findings by the defendants, which was granted in part. Other requested findings were refused, after which there was a motion for a new trial, which was denied; whereupon three of the defendants against whom the case had been dismissed appealed from the order refusing a new trial.

From a careful review of the evidence in the settled case, it is impossible to discover wherein the individual defendants who join in this appeal were injuriously affected. The Detroit Dairy Asso-

ciation, the one other defendant who joined in the appeal, was not adjudged to have any interest in the property, nor were costs awarded against it. The court seems to have declined to consider its rights in the suit, or to determine in any way the consequences upon this association of the judgment ordered against the eleven defendants. This course was justified by the allegations of the answer of that defendant, in which it was admitted that it "was a corporation as stated in the complaint," and "at one time claimed an interest in a small portion of the property." The reference to the complaint has no further bearing on this averment of the answer than is contained in the statement therein that it was a corporation, and that any interest it had was subject to and inferior to the rights of the plaintiff. Upon the trial, at the close of plaintiff's testimony, the following appears from the record: Counsel for plaintiff said:

"I would like to ask the attorney for defendant at this time if he admits that the Detroit Dairy Association does not own and has no interest in that creamery."

To which the counsel for defendant answered:

"The testimony does not show any interest in the Detroit Dairy Association; as I understand it, the Detroit Dairy Association does not own the land, and consequently they could not show that it did, and it was not a party to the contract."

The allegation of the answer and the statement of counsel, which the court had a right to treat as having been made in good faith and rely thereon, under our view, effectually deprive that defendant of the right to have its claim considered here upon the ground that it is the trustee of other defendants who do not appeal, and forbid us to review the evidence in the settled case upon issues between the plaintiff and the individual defendants who make no complaint; hence, there being no prejudicial order against the Detroit Dairy Association as a corporate entity, or any findings asked by that defendant to determine that it did have an interest in the property, the court could not surmise, in opposition to its disclaimers, that it had grounds of contest. It therefore

seems clear that none of the appellants have any substantial right to contest here any ruling or order of the court below.

The relations of the plaintiff to the defendants who do not appeal are however discussed, and it is urged that the evidence does not sustain the findings in that respect; but none of the defendants who had a right to appeal have done so, and a decision by us upon such rights would be purely abstract, and amount to nothing more than mere dictum. It is the duty of courts of review to decide issues in real controversies that are raised and presented here by one who appears by the record to be prejudiced thereby. Fallman v. Gilman, 1 Minn. 153 (179); In re Allen, 25 Minn. 39; Burns v. Phinney, 53 Minn. 431, 55 N. W. 540. We therefore hold that, the appellants not having been legally affected by any order of the trial court, they cannot be heard to complain of its orders.

The order appealed from is affirmed.