PATRICK WELCH and Another v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

November 17, 1905.

Nos. 14,462—(34).

**Dismissal of Action.**

On defendant's motion for judgment notwithstanding the verdict, the trial court made an order granting the same, but coupled therewith a further order that the action be dismissed. Defendant accepted the order in its entirety and caused judgment of dismissal to be entered, from which plaintiffs appeal. *Held*:(1) Whether the trial court has authority to dismiss an action after trial upon a motion for judgment notwithstanding the verdict, quære. (2) That plaintiffs were not prejudiced by the dismissal of this action. If the dismissal had not been ordered, defendant, under the terms of the order made, would have been entitled to a final judgment on the merits, and the order was in fact favorable and not prejudicial to plaintiffs, and must be affirmed.

Appeal by plaintiffs from a judgment of the district court for Crow Wing county, dismissing the action and in favor of defendant for costs, entered pursuant to the order of Spooner, J., after a trial and verdict in favor of plaintiff for $526.25. Affirmed.

*T. C. Blewett* and *A. E. Bowe,* for appellants.

*C. W. Bunn* and *L. T. Chamberlain,* for respondent.

[1] Reported in 104 N. W. 894.

BROWN, J.

This action was brought to recover damages for the alleged negligent injury to personal property delivered to defendant for transportation over its line of railroad. Issue was joined on the question of negligence, and the case came on for trial before the court and a jury. At the close of plaintiffs' case, defendant moved to dismiss the action on the ground that plaintiffs had failed to prove the allegations of the complaint; and again at the close of the trial defendant again moved to dismiss for the same reason. Motion being denied, a request was made to instruct a verdict for defendant. The request was denied, the case submitted to the jury, and a verdict rendered for the plaintiffs. Thereupon the defendant made an alternative motion for judgment notwithstanding the verdict or for a new trial, upon which the court below made the following order:

> The motion of the defendant in the above-entitled action for judgment notwithstanding the verdict herein coming on to be heard, L. T. Chamberlain and James B. Kerr appeared for defendant in support of said motion, and T. C. Blewett and A. E. Bowe appeared on behalf of the plaintiffs in opposition thereto. It is ordered that said motion be, and it is hereby, allowed, and the verdict herein in favor of the plaintiffs and against the defendant be, and it is hereby, vacated and set aside.
>
> And it is ordered that judgment be entered herein dismissing the above-entitled action without prejudice, but with costs in favor of the defendant and against the plaintiffs.

Thereafter the costs were taxed in favor of defendant, and a judgment of dismissal without prejudice formally entered as directed by the order of the court. Plaintiffs appeal.

The only question argued by the appellants is whether the trial court had authority upon the alternative motion for judgment notwithstanding the verdict or a new trial to order a dismissal of the action. But in the view we take of the case it becomes unnecessary to determine that question.

It will be observed that the court below had before it and was considering the motion for judgment notwithstanding the verdict only, and the order made had reference solely to that portion of the motion.

That motion was granted and the verdict set aside; but, as we read between the lines, the court as a favor to plaintiffs made the further order that judgment be entered dismissing the action without prejudice. It is clear that plaintiffs have no cause to complain of the action of the court below. The court having granted the motion for judgment notwithstanding the verdict, defendant alone was in position to insist that the court exceeded its authority in ordering a dismissal of the action. The order of dismissal operated in favor of the plaintiffs and enables them to commence a new action. If this portion of the order were eliminated, stricken out as unauthorized, judgment would necessarily be entered upon the merits of the action in favor of defendant, which would constitute a bar to any further action by plaintiffs. Defendant accepted the order as an entirety, and caused judgment to be entered in conformity with its directions, and the plaintiffs are left in the situation they were in before the action was commenced. Clearly they are in no way prejudiced or aggrieved. Cornish & Co. v. West, 89 Minn. 360, 94 N. W. 1082; McLaughlin v. Nicholson, 70 Minn. 71, 72 N. W. 827, 73 N. W. 1.

Judgment affirmed.