# W. B. KELLOGG v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

June 5, 1914.

Nos. 18,727—(134).

**Death by wrongful act — action by foreign administrator — substitution of plaintiff.**

> A foreign administrator, who has no right to maintain an action for wrongful death in the state of his appointment, nor in the state where the injury occurred, and consequently not in this state, is not aggrieved by an order in a suit brought by him for the benefit of the next of kin, denying his motion to substitute the next of kin as party plaintiff.

Action in the district court for Ramsey county by the administrator of the estate of John Nichols, deceased, to recover $10,000 for the death of her intestate while a passenger upon one of defendant's trains. From an order denying plaintiff's motion to substitute Delia Skinner as plaintiff, and to amend the complaint, plaintiff appealed. Appeal dismissed.

*Samuel A. Anderson* and *A. F. Storey,* for appellant.
*Stringer & Seymour,* for respondent.

HOLT, J.

On September 23, 1910, John Nichols lost his life in the state of Kansas, while therein a passenger on one of defendant's trains. Plaintiff was appointed administrator of Nichols' estate by the probate court of Douglas county, Wisconsin, and, having filed an authenticated copy of his appointment in the probate court of Ramsey county in this state, brought this action for the benefit of Delia

[1] Reported in 147 N. W. 667.

Skinner, the mother and only next of kin of said John Nichols, alleging that the defendant's train was, through its negligence, derailed and wrecked, causing the injuries to its said passenger Nichols resulting in death. The defendant answered alleging, among other defenses, that, under the laws of Wisconsin, the plaintiff could not therein maintain an action for wrongful death occurring outside the state, and that, under the decisions of the courts of Kansas, an administrator who is unable to maintain such action in the state where appointed cannot maintain it in Kansas, *ergo* plaintiff must fail here. Plaintiff's demurrer to this defense was overruled. He apparently acquiesced in the decision. However, after substitution of attorneys, application was made in behalf of Delia Skinner, who, under the laws of Kansas, may maintain the action in her own right, to have her substituted as party plaintiff, and to amend the complaint setting forth the laws giving her the right to sue. From the order denying the application, plaintiff appeals.

Plaintiff is met with the objection that he is not a party aggrieved by the order and hence cannot appeal. The motion to substitute Delia Skinner as plaintiff is supported by her affidavit, wherein she asks to be permitted to become the plaintiff and have the complaint amended; but appellant insists that he made the motion. It is doubtful whether one who comes into court with no cause of action, and no basis for ever asserting any upon the facts stated, has any standing to ask substitution of another who, upon those and additional facts, may have a cause of action. But, it would seem, there ought to be no doubt that such an one is in no manner aggrieved by a denial of the motion. Appellant has no personal interest in the suit, and none in a representative capacity as was determined by the demurrer. He had no standing, right or duty to represent Delia Skinner in the courts of Wisconsin, nor here. Therefore he cannot be aggrieved by an order refusing her to become a party. An appellant must have an interest in the appeal, either personally or in some legitimate representative capacity. Burns v. Phinney, 53 Minn. 431, 55 N. W. 540; Cornish & Co. v. West, 89 Minn. 360, 94 N. W. 1082. Appellant relies on Wood v. Lenawee Circuit Judge, 84 Mich. 521, 47 N. W. 1103, but it will be seen that there the application

for substitution was made by those who should have been originally the proper plaintiffs and upon their appeal it was decided that substitution should have been permitted. The case of Pugmire v. Diamond Coal & Coke Co. 26 Utah, 115, 72 Pac. 385, sustains appellant. But we are not inclined to follow that decision. It may, however, be said that in that case one of the original plaintiffs was the proper party plaintiff in her representative capacity, and she was substituted as such upon the application of the original parties, and their appeal from the order of the court refusing the same was entertained. We do not intimate, or decide, that it is improper practice to permit the person for whose benefit the action is brought to be substituted, when necessary, for his legal representative, or *vice versa,* but we do hold that the one appealing must be the one who is harmed by the order appealed from.

We conclude that the appeal should be dismissed. So ordered.