### DREW v. BURLEY et al.

(District Court, D. Oregon. May 17, 1920.)

No. 8475.

1. **Courts ⊚⟹493(3)—State court not deprived of jurisdiction to appoint corporate receiver by pendency of similar suit in federal court, which had not taken control of property.**

The pendency in federal court of a stockholders' suit for the appointment of a receiver for the property and assets of a corporation did not deprive the state courts of the power and authority to take possession of the property and assets of the company by a receiver in a suit brought by other parties, where the federal court did not have possession or control of the property at the time of such appointment, but had discharged its receiver and released its control over the property before the commencement of the suit in the state court.

2. **Courts ⊚⟹498—Court's possession of property must be either actual or constructive, to deprive another court of jurisdiction.**

The rule that, where property is in the possession and subject to the jurisdiction of one court, another court cannot interfere with such possession, applies only when the property is in the actual or constructive possession of the former court.

3. **Corporations ⊚⟹503(4)—Right to be sued in county of principal place of business or where cause of action arose personal and waived by voluntary appearance.**

The right of an Oregon corporation to be sued in the county where it has its principal office and place of business, or where the cause of action arose, is a personal privilege, which may be waived by the corporation, and is waived by a voluntary appearance before a court of competent jurisdiction in which the action is brought.

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Attorney and client** ⬅70—**Attorney making appearance presumed to do so with authority.**

An attorney, who appears for a party in pending litigation, is always presumed to have authority to do so until the contrary is shown.

**5. Judgment** ⬅828(1)—**Federal court without authority to interfere with decrees or orders of state court having jurisdiction.**

Where a state court had jurisdiction of the subject-matter and of the parties in a suit for the appointment of a receiver for a corporation, its orders and decrees are not open to collateral attack in federal court, which has no jurisdiction to review the sufficiency of the complaint for the appointment of the receiver or subsequent proceedings.

In Equity. Suit by George I. Drew against Thomas S. Burley and others, directors, trustees, and organizers of the Almeda Mines Company, and others, to set aside a receiver's sale of the property of the Almeda Mines Company. Decree of dismissal.

Paul C. Dormitzer, of Portland, Or., for plaintiff.

A. E. Reames, of Medford, Or., and Wilbur, Spencer & Beckett, of Portland, Or., for defendants.

BEAN, District Judge. This is a suit by a stockholder of the Almeda Consolidated Mines Company brought on behalf of himself and all others similarly situated against the Mines Company, its officers and directors, and divers and sundry other persons, to set aside a receiver's sale of the property of the corporation, made in pursuance of a decree of the state circuit court for Josephine county. The complaint is voluminous and abounds in allegations charging or attempting to charge that the decree and sale complained of was procured and obtained in pursuance of a fraudulent scheme or plan of the various parties to wreck the defendant corporation and defraud the plaintiff and other stockholders thereof. No evidence was given or offered on the trial to support the various charges of fraud. The only question for decision is whether the decree and orders of the state court are void for want of jurisdiction.

The facts in relation thereto are that the Almeda Consolidated Mines Company is an Oregon corporation, organized in July, 1905; that its principal office and place of business is in the city of Portland, Multnomah county. Its property, however, consists of mining claims in Josephine county. On June 15, 1912, W. H. Sieverling and others, claiming to be stockholders of the company, commenced a suit in this court against it and other parties, praying for the appointment of a receiver of the property and assets of the company. Upon the filing of the complaint, an ex parte order was made appointing a receiver, but the order was vacated and the receiver discharged on July 12, 1912. The suit, however, remained pending and undetermined until March, 1919, when it was dismissed.

Upon the discharge of the receiver the company was reinvested with the possession of its property and the management and conduct of its affairs. By August, 1913, it had become financially involved, and numerous suits or actions were pending or threatened against it. Its managing officers thereupon consulted the Corporation Com-

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

missioner and the Attorney General of the state, and after an investigation by these officers a complaint was filed in Josephine county on August 19, 1913, against the corporation, in the name of the state, on the relation of the Attorney General and the Corporation Commissioner, alleging that the Corporation Commissioner had made a careful examination of the affairs of the company and found it in imminent danger of insolvency, and praying for the appointment of the defendant Burley as receiver of its property and assets. Summons was regularly issued. It was not served, however, but at the time the complaint was filed Mr. A. C. Hough, an attorney of this court residing at Grants Pass, appeared for the company and filed a demurrer thereto. By the consent and at the request of the parties to the suit, the court thereafter appointed the defendant Burley as receiver, and subsequently such proceedings were had in the suit that in July, 1916, an order or decree was made and entered authorizing and directing the receiver to sell the property of the company, and such sale was had and duly confirmed on the 27th of the month.

The complainant complains that the state court was without jurisdiction to entertain the suit, and that all proceedings therein including the order of sale were and are null and void for the following reasons: (1) This court had exclusive jurisdiction over the corporation and its assets by the suit brought against it by Sieverling and others, and which was pending and undetermined at the time the suit on behalf of the state was commenced in the state court. (2) That, as the principal office and place of business of the defendant corporation was in Multnomah county, suit should have been brought there and not in Josephine county. (3) The appearance of Mr. Hough as attorney for the corporation in the state court did not give that court jurisdiction of the corporation because he had no authority to appear for it. Of these in their order.

[1, 2] The pendency of the Sieverling suit in this court did not deprive the state court of the power and authority to take possession of the property and assets of the company by a receiver in a suit brought against it by other parties. This court did not have the possession or control of the property at the time of such appointment. It had discharged its receiver and released its control over the property long before the commencement of the suit in the state court. Where property is in the possession of and subject to the jurisdiction of one court, another court cannot interfere with such possession, but this rule applies only when the property is in the actual or constructive possession of the former court. 11 Cyc. 988. Where the court discharges its receiver and orders him to turn the property over to the corporation, it becomes free for the action of any other court of competent jurisdiction. Shields v. Coleman, 157 U. S. 179, 15 Sup. Ct. 570, 39 L. Ed. 660.

[3] Second. The right of a domestic corporation to be sued in the county where it has its principal office and place of business, or where the cause of action arose (Holgate v. O. P. R. R., 16 Or. 123, 17 Pac. 859; Bailey v. Malheur Irr. Co., 36 Or. 54, 57 Pac. 910), is a personal privilege, which may be waived by the corporation, and where

the court in which the action is brought has jurisdiction of the subject-matter the exemption of the corporation to be sued in such court is waived by a voluntary appearance. 11 Cyc. 676; Thompson on Corporations (2d Ed.) § 3206. The circuit court of Josephine county had jurisdiction of the subject-matter. The defendant corporation did not choose to insist upon its right to be sued in the county where it had its principal office and place of business, but by its attorney entered a general appearance and joined with the complainant in praying for the appointment of a receiver, and thus was brought within the rule above stated. Multnomah Lmbr. Co. v. Western Basket, 54 Or. 22, 99 Pac. 1046, 102 Pac. 1; Central Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98; First Nat. Bank v. Morgan, 132 U. S. 141, 10 Sup. Ct. 37, 33 L. Ed. 282.

[4] Third. An attorney who appears for a party in a pending litigation is always presumed to have authority to do so until the contrary is shown. 3 Cyc. 531; Hill v. Mendenhall, 21 Wall. 453, 22 L. Ed. 616; Osborn v. U. S. Bank, 9 Wheat. 738, 6 L. Ed. 204. There was no evidence to show that Hough did not have authority to appear for and represent the company in the suit brought against it by the state. On the contrary, the proof is that he had been the regularly employed attorney of the company in Josephine county for some months prior to the commencement of such suit, and had represented it in various litigations in which it was interested, and that he was specifically requested and directed by the officers of the corporation to appear for it in the particular suit and join with the plaintiff in asking for the appointment of a receiver.

[5] It follows, therefore, that the state court had jurisdiction of the subject-matter and of the parties. Its orders and decrees are consequently not open to collateral attack in this court. Nor has the court any power or authority to review its proceedings for errors or irregularities, if any such exist. The state court adjudged the bill of complaint filed by the state sufficient, and made the appointment of the receiver, and that appointment and subsequent proceedings in the suit cannot be questioned by another court, except on appeal, although the complaint may be imperfect, and amendment may have been necessary to make it complete.

It follows that the bill should be dismissed; and it is so ordered.