# M. GOODSPEED v. B. H. BOWLER AND OTHERS.[1]

November 12, 1926.

No. 25,450.

**Person holding on deposit part of purchase price of land cannot question judgment against him and vendor for return of money.**

1.  Where a vendee, who has deposited a part of the purchase price with a third party to be delivered to the vendor on performance on his part, obtains a judgment against the vendor and such third party for the return of the money, the third party cannot question the correctness of the judgment on appeal to this court as he has no interest in the fund.

**Judgment against third party for unreturned balance proper.**

2.  The third party having returned only a part of the deposit, judgment was properly rendered against him for the remainder, as it was his duty to return the full amount.

Appeal and Error, 3 C. J. p. 624 n. 18.
Escrow, 21 C. J. p. 888 n. 50 New.

The defendant appeals from a judgment entered against him in the district court of Hennepin county, Nordbye, J., and from an amended or modified judgment of the same court, Baldwin, J. Affirmed.

*M. C. Bowler* and *B. H. Bowler*, for appellant.
*Marshall S. Synder*, for respondent.

TAYLOR, C.

The house and lot involved in this controversy was the homestead of Ida Griswold at the time of her death on March 17, 1921. She left no will, and under the statute a life estate in the property passed to her husband, Fred A. Griswold, and the remainder in fee passed to her three children.

[1]Reported in 210 N. W. 859.

On May 23, 1921, the children and their respective spouses executed a quitclaim deed of the property to their father, Fred A., but the deed was not recorded. In 1923 the father married the defendant Esther R. Griswold. He died intestate April 15, 1924, and on May 12, 1924, Esther R. was appointed administratrix of his estate.

On August 13, 1924, the children and their respective spouses entered into a contract with plaintiff by which they sold and agreed to convey the property to plaintiff for the sum of $7,250. The contract provided that plaintiff should assume a mortgage of $4,500 on the property, should place $1,500 in the hands of B. H. Bowler in escrow to be paid over to the children on delivery of a warranty deed conveying a good and marketable title to the property, and should pay the remainder of the purchase price on delivery of such deed. Plaintiff deposited the $1,500 with Bowler as provided in the contract. The contract provided that plaintiff should have possession of the property on September 1, 1924, and he took possession of it on or about that date. Shortly thereafter plaintiff was informed of the unrecorded quitclaim deed from the children to their father. The children asserted that this deed was invalid and of no force or effect, but the widow, Esther R., asserted that it was valid and vested the entire title to the property in the father, Fred A.

Immediately after learning of the existence of the quitclaim deed and the dispute concerning it, plaintiff brought this action against the vendors in the contract. He made Bowler a party defendant and by a subsequent amendment, allowed by the court, also made Esther R. as administratrix of the estate of Fred A. a party defendant. Plaintiff alleged in substance, among other things, that the estate of Fred A. was insolvent; that the vendors in the contract were also insolvent; that unless restrained the vendors would tender a warranty deed and demand payment of the remainder of the purchase price; and that if it was not paid they would serve the statutory notice terminating the contract for the purpose of forfeiting to themselves the $1,500 deposited with Bowler. Plaintiff, in substance, asked the court to determine the question as to the validity of the quitclaim deed, and to decree specific performance of the

contract if the deed was of no effect, but to direct that Bowler return the $1,500 to him if the deed was valid and the title of the vendors defective by reason thereof. The court made findings and rendered judgment to the effect that the deed was valid and that the $1,500 deposited with Bowler together with $52 received by him as interest thereon be returned to plaintiff. All the parties other than Bowler acquiesced in the judgment and took no appeal therefrom.

Three days after the entry of judgment Bowler sent $1,274.09 of the $1,552 to plaintiff in a letter saying that he had used the remainder in paying an instalment of principal and interest which had become due on the mortgage, and suggesting that as plaintiff was in possession of the property and liable to someone for its use, the amount applied on the mortgage might be offset against the claim for use. Thereafter plaintiff procured an order requiring Bowler to show cause why judgment for the balance of $277.91 should not be entered against him personally. At the hearing upon this application, it appeared that the property was the homestead of Fred A. Griswold at the time of his death, and that defendant Esther R. Griswold was entitled to the possession of it and had asserted a claim against plaintiff for the value of the use of it during the time he had been in possession. The court amended the judgment by incorporating therein a judgment against Bowler personally for the balance of $277.91. Bowler appealed both from the original judgment and from the amended judgment.

As neither plaintiff nor the vendors in the contract have appealed, the judgment has become conclusive as to them and conclusively establishes that plaintiff is entitled to have his deposit returned to him. Bowler has no interest in either the property or the deposit, and cannot be heard to question the judgment which has determined that plaintiff is entitled to the deposit and which has become final and conclusive upon all the parties who could question plaintiff's right to it. Burns v. Phinney, 53 Minn. 431, 55 N. W. 540; Cornish & Co. v. West, 89 Minn. 360, 94 N. W. 1082; Kellogg v. C. R. I. & P. Ry. Co. 126 Minn. 31, 147 N. W. 667; Finch, V. S. & McC. v. Le Sueur County Co-op. Co. 134 Minn. 376, 159 N. W. 826.

Bowler's position is that of a stakeholder and, when plaintiff established that he was entitled to have the deposit returned, it was Bowler's duty to return it. He recognized this duty by returning $1,274.09 of the fund and sought to account for the remainder on the ground that he had applied it on the mortgage upon the property. But he had no authority from plaintiff to apply it on the mortgage and plaintiff derived no benefit from the payment made thereon. Although the proceedings may have been somewhat irregular, the only thing that Bowler can question is the judgment against him for that part of the deposit which he failed to return. As it was his duty to return the full amount, and the judgment, so far as it applies to him, merely enforces the performance of that duty, it is correct and is affirmed.