## LOUISE L. MALCOLMSON AND ANOTHER v. GOODHUE COUNTY NATIONAL BANK OF RED WING.[1]

February 19, 1937.

No. 31,100.

See 198 Minn. 562, 272 N. W. 157.

*Thomas Mohn* and *Horace W. Mohn,* for appellant.

*S. W. Jensch,* for respondents.

PER CURIAM.

This is an appeal by the Goodhue County National Bank of Red Wing from an order of the district court directing it as trustee to pay to the respondent Louise L. Malcolmson $500 from the trust property. The trust was originally created by Harriett E. Brooks

[1]Reported in 271 N. W. 455.

in favor of her daughter, Louise L. Malcolmson, and her grand-daughter Esther L. Pope. She made her son Edmund Brooks and one Charles E. Sheldon trustees. Brooks died in 1919, and in December of that year the district court appointed the bank as sole trustee. In 1934 the bank presented its resignation to the court and sought a discharge as trustee, filing its final account and petition for allowance. Certain items were surcharged against the trustee, and its resignation was accepted and a new trustee appointed. The latter has not yet qualified, according to the record. During the process of settling the final account the court, September 20, 1935, ordered the payment of $500 by the bank to the beneficiary and the bank given credit therefor. In April, 1936, the respondents moved the court for another payment of $500 from the trust property. The bank opposed the motion, claiming that there was only $287.25 of income on hand, and it took the position that it was ready and willing to turn over all of the trust property to the succeeding trustee when he should qualify but did not want to turn over the property piecemeal. The court, however, ordered the bank to remit to Louise Malcolmson $500 from the trust fund, giving the bank due credit therefor. It is from this order that this appeal is taken.

The respondents take the position that the bank is not an aggrieved party and that, since the court has accepted its resignation and has settled its final account, it has no further interest in the administration of the trust and no further obligation than to turn over the trust property and funds according to the order of the court.

With this contention we agree. Balch v. Hooper, 32 Minn. 158, 20 N. W. 124.

The appeal is dismissed.