# E. H. SINGER v. ALLIED FACTORS, INC. AND OTHERS. DON A. JENKINS, RECEIVER.[1]

February 18, 1944.

No. 33,407.

*Louis. Sachs,* for appellant.

*Best, Flanagan, Rogers, Lewis & Simonet,* for respondents Allied Factors, Inc., Edwin B. Murphy, and Lois I. Staples.

*Leonard, Street & Deinard,* for respondents Ambassador Garment Company, Mandell Morgan, and Fairchild Dress Company.

*Smith & Callahan,* for respondent L. S. Donaldson.

[1]Reported in 13 N. W. (2d) 378.

PETERSON, JUSTICE.

E. H. Singer, the original plaintiff, brought this action as a stockholder of and in behalf of the Apex Dress Company, a corporation, to impress a trust upon certain of its assets transferred to the defendant Fairchild Dress Company or, in lieu thereof, to recover damages; for an accounting by the individuals named as defendants participating in the transfers or, in lieu thereof, such damages as Apex sustained by reason of their wrongful acts; and for such general relief as the facts might warrant. Plaintiff claims that he stands in the position of a stockholder of Apex in virtue of the fact that he is a stockholder of Allied Factors, Inc., which owns some preferred stock of Apex. He also claims to be a creditor of Apex.

Numerous defendants were joined. Of these, James M. Thompson and the Ambassador Garment Company are out of the case and will be passed without discussion. The other defendants include three corporations, viz., Allied, Apex, and Fairchild, certain named individuals who were officers and stockholders in control of these corporations, and Don A. Jenkins, who prior to the commencement of the action was appointed receiver for Apex by the district court of Hennepin county. In substance, the complaint alleges that the defendants, other than Jenkins, pursuant to a conspiracy, by wrongful, ultra vires, and illegal acts caused to be transferred to Fairchild certain assets, goodwill, and personnel of Apex.

The receiver, appearing pro se, by his separate answer in effect admitted the allegations of the complaint and joined in plaintiff's demand for relief. The answers of the other defendants controverted the complaint.

At the commencement of the trial, the parties stipulated that the cause of action sued upon belonged to Jenkins as receiver for Apex; that the receiver was the real party in interest; and that the action should be prosecuted by him. Prior to the trial, Singer's counsel had been appointed associate counsel for the receiver. During the trial, Singer's counsel resigned as such and thereafter appeared of record exclusively as counsel for the receiver. A cross bill was then

filed against Singer, who appeared *pro se* in opposition thereto. The record shows that it was stated in open court "by said Singer and his former attorney that the expenses of this litigation had been and were being borne by said Singer."

Upon conflicting evidence, the trial court made findings of fact and conclusions of law in favor of the defendants. Judgment was entered thereon on April 4, 1942. Subsequent thereto, on August 15, 1942, on the receiver's petition showing that he had abandoned any prospect of realizing anything further by reason of the receivership, the district court allowed his account, discharged him, and exonerated his sureties. In the judgment, costs were awarded against Singer as nominal plaintiff.

Singer as plaintiff, without the receiver joining, appealed from the judgment. No assignment of error is made on the appeal relative to the judgment for costs against Singer. The only questions which he raises relate to the cause of action in favor of Apex sued upon below. Defendants moved to dismiss the appeal upon the ground, among numerous others, that plaintiff is not entitled to appeal for the reason that he is not a party aggrieved by the judgment.

■ The first question is whether plaintiff is entitled to appeal in behalf of Apex. We shall assume, but for the purposes of decision only, that Singer, as the original plaintiff, by reason of the facts that he owns stock in Allied and that Allied owns preferred stock in Apex, was entitled to maintain a representative action in behalf of Apex. See Schmid v. Ballard, 175 Minn. 138, 220 N. W. 423; Wachsman v. Tobacco Products Corp. (D. C.) 42 F. Supp. 174; 13 Fletcher Cyc. Corp. (Perm. ed.) § 5977.

An appeal may be taken only by "the aggrieved party." Minn. St. 1941, § 605.09 (Mason St. 1927, § 9498). A corporation is a distinct entity from its stockholders. All corporate powers, franchises, and rights are vested in the corporation and not in the stockholders. Among such powers is that of suing and defending in its own name. Because a corporation and its stockholders are separate entities, the stockholders may not sue in its behalf. Mealey

v. Nickerson, 44 Minn. 430, 46 N. W. 911; 2 Dunnell, Dig. & Supp. § 2069. Even in a representative action by a stockholder in behalf of the corporation, the cause of action and any recovery belong to the corporation to the exclusion of the stockholder. Briggs v. Kennedy Mayonnaise Products, Inc. 209 Minn. 312, 297 N. W. 342; Seitz v. Michel, 148 Minn. 80, 181 N. W. 102, 12 A. L. R. 1060; *Id.* 148 Minn. 474, 181 N. W. 106. Nor can a corporation sue in behalf of its stockholders. Waseca County Bank v. McKenna, 32 Minn. 468, 21 N. W. 556. As a logical consequence, a stockholder ordinarily cannot appeal in behalf of a corporation. Ex parte Cutting, 94 U. S. 14, 24 L. ed. 49; State of Florida v. Florida Central R. Co. 15 Fla. 690; White Brass Castings Co. v. Union Metal Mfg. Co. 232 Ill. 165, 83 N. E. 540, 122 A. S. R. 63; McFarland v. Pierce, 151 Ind. 546, 45 N. E. 706, 47 N. E. 1; Preston v. Poe, 116 Md. 1, 81 A. 178. In the Cutting case the court held that, since stockholders do not represent a corporation, they are not entitled to appeal, and said (94 U. S. 22, 24 L. ed. 51): "The stockholders do not represent the corporation, but for some purposes the corporation represents them."

A party aggrieved is one whose personal right is injuriously affected by the adjudication. One who has no interest in the subject of the litigation cannot be aggrieved by the adjudication and consequently has no right to appeal. Kellogg v. C. R. I. & P. Ry. Co. 126 Minn. 31, 147 N. W. 667. The fact that the identity of a corporation is separate and distinct from that of its stockholders is determinative of who is the party aggrieved by a judgment against it. A corporation is a party aggrieved by a judgment against it, because its rights are injuriously affected thereby. A stockholder is not a party aggrieved by a judgment against a corporation, because he has no individual right injuriously affected thereby. In re Michigan-Ohio Bldg. Corp. (7 Cir.) 117 F. (2d) 191; Difani v. Riverside County Oil Co. 201 Cal. 210, 256 P. 210; Levert v. Shirley Planting Co. 135 La. 929, 66 So. 301.

Accordingly, Singer, as the original plaintiff who instituted the action, was not an aggrieved party. His right to sue as the repre-

sentative of the corporation and other stockholders depended upon the refusal of the receiver of Apex to bring the action. Porter v. Sabin, 149 U. S. 473, 13 S. Ct. 1008, 37 L. ed. 815; Farwell v. Great Western Tel. Co. 161 Ill. 522, 44 N. E. 891; Annotation, 29 A. L. R. 1505. There is analogy between the right of a stockholder to sue in behalf of a corporation where a receiver refuses to do so and the right of a stockholder to sue in behalf of the corporation where it does not do so. Both cases present a case of dual wrong—in each there must be a. wrong to the corporation to be redressed, and in each there must be a wrong to the stockholders consisting of the failure of the party primarily charged with the duty of obtaining such redress (the corporation in the one case and the receiver in the other) to perform that duty. See Briggs v. Kennedy Mayonnaise Products, Inc. 209 Minn. 312, 297 N. W. 342. Singer was divested of whatever right he may have had to sue as the representative of the corporation by the stipulation at the commencement of the trial to the effect that the cause of action belonged to the receiver and that he was the real party in interest and the real plaintiff, under which stipulation the receiver took over the prosecution of the action. The effect thereof·was to remedy the wrong claimed to have been done to the stockholders through the receiver's failure to sue to obtain redress for the wrongs to the corporation, upon which Singer's right to sue in a representative capacity depended. From that moment Singer had no standing as plaintiff. The prosecution of the case could and did proceed without him as plaintiff. The receiver was then the proper party to maintain the action. Stevens v. Tilden, 122 Minn. 250, 142 N. W. 315; Henning v. Raymond, 35 Minn. 303, 29 N. W. 132. Where an action commenced by a stockholder as the representative of a corporation and its stockholders is taken over by the receiver for the corporation for prosecution by him as the owner of the cause of action sued upon and as the real party in interest, the stockholder becomes a nominal and unnecessary party without any interest in the litigation, and, if judgment goes against the receiver, he has no right to appeal, because he is not, for lack of any individual

right injuriously affected thereby, a party aggrieved. Loeb v. Berman, 217 Cal. 716, 20 P. (2d) 685; Russell v. Weyand, 5 Cal. App. (2d) 259, 42 P. (2d) 381. In the cited cases the stockholder's status in the case after the receiver took over was characterized as that of a "supernumerary." The posture of the stockholder in such a case is like that of a trustee who has resigned. In Malcolmson v. Goodhue County Nat. Bank, 198 Minn. 562, 272 N. W. 157, we held that a trustee who had resigned was not aggrieved by an order made in the interim between the appointment and the qualifying of a successor trustee and that he had no right to appeal from the order.

We have not overlooked the fact that, after the motion to dismiss was made, Singer claimed that he was entitled to appeal from the judgment because it awarded costs against him. The judgment was against him only as "nominal plaintiff," not as the plaintiff. He appealed as plaintiff, not as nominal plaintiff. The only errors assigned relate to the cause of action asserted in behalf of Apex. The claim adds nothing to the appeal as taken.

The appeal here was taken subsequent to the receiver's discharge. Upon the discharge of a receiver for a corporation, the corporation becomes reinvested with possession of its property and the management of its affairs. Drew v. Burley (D. C.) 287 F. 916; In re Petition of Farber, 260 Mich. 652, 245 N. W. 793; 16 Fletcher, Cyc. Corp. (Perm. ed.) § 7771. Hence, Apex became reinvested with all right to what was left of the cause of action and the right to proceed further; but Singer did not thereby become entitled to act as the representative of the corporation and its stockholders, for there was then no wrong to him as a stockholder; the receiver as the proper party representing the corporation had prosecuted the action to judgment to obtain redress for the wrongs claimed to have been done to the corporation.

Our conclusion is that Singer was not aggrieved by the judgment and is not entitled to appeal.

■ Leave, requested here by Singer, to prosecute the appeal in behalf of Apex in a representative capacity as a stockholder is

denied upon the grounds that below he in effect abandoned all claim of right to represent the corporation and the cause of action sued upon. By stipulating that the receiver was the real party plaintiff and that the receiver should prosecute the action, Singer as a matter of law abandoned all right to represent Apex and its stockholders in prosecuting the cause of action sued upon. Singer's abandonment of the cause of action sued upon, as distinguished from prosecuting in a representative capacity the action to recover thereon, rests upon an inference of fact. The relationship between Singer and the litigation precludes any other inference. The action was commenced for him by his former counsel, who had been appointed associate counsel for the receiver. The litigation was primarily for the benefit of Singer. During the trial his counsel resigned as such and became counsel for the receiver. Thereafter Singer appeared in his own behalf, although the court advised him that he had the right to procure other counsel and offered him an opportunity to do so. Singer and his former counsel stated in open court that the expenses of this litigation had been and were being borne by Singer. Presumably, as the party who paid the fiddler, Singer was not only kept informed, but was consulted concerning all steps taken. There is no showing by Singer to the contrary. It is inconceivable that his former counsel, after instituting the action and carrying it forward for his benefit at great expense to him, would make the representation in behalf of the receiver that he (the receiver) had abandoned all prospect of realizing anything by reason of the receivership, in disregard of Singer's wishes and without his consent. Rather, the inference is inescapable that counsel came to the conclusion that nothing further could be realized upon the cause of action and that it would be for the interest of both the receiver and Singer not to proceed further. By abandoning the receivership, the receiver also abandoned the cause of action sued upon. Abandonment of the cause of action sued upon, with Singer's consent and approval, was tantamount to an abandonment thereof by Singer. Where a party subsequent to decision in the lower court abandons the action, he is not entitled

to appeal. Intertype Corp. v. Pulver, 101 Fla. 1180, 135 So. 793; Sorrell v. Stone, 60 Tex. Civ. App. 51, 127 S. W. 300; 4 C. J. S., Appeal and Error, § 224. That is sufficient reason for denying Singer's leave to prosecute the appeal.

While, as has been pointed out, all right to what was left of the cause of action and the right to proceed further had reinvested in Apex, both the receiver and Singer had abandoned the cause of action before the appeal was taken. Because of that circumstance, the fact that the appeal was taken after the receiver had been dis-charged is of no importance.

The cases cited by Singer do not help him. In Taney v. Hodson, 170 Minn. 230, 212 N. W. 196, a receiver who had been appointed and was acting when the appeals were taken by the corporation was substituted in this court as appellant. In Lenhart v. Lenhart Wagon Co. 210 Minn. 164, 298 N. W. 37, we held that a stockholder who instituted and maintained proceedings below to vacate a judgment fraudulently permitted by a corporation and its officers to be recovered against it had a right to appeal. In neither case was there, as here, an abandonment of the action below, or the equivalent thereof, by the party seeking review here as appellant.

The appeal should be and it is dismissed.

Appeal dismissed.

MR. JUSTICE YOUNGDAHL and MR. JUSTICE STREISSGUTH took no part in the consideration or decision of this case.