## TWIN CITIES METROPOLITAN PUBLIC TRANSIT AREA v. GEORGE C. HOLTER, d.b.a. RICHFIELD BUS COMPANY.

249 N. W. 2d 458.

January 7, 1977—No. 46608.

*Hall & Sjoquist, Alfred E. Hall, Grannis & Grannis, Vance B. Grannis,* and *Roger N. Knutson,* for appellant.

*Popham, Haik, Schnobrich, Kaufman & Doty* and *David S. Doty,* for respondent.

Considered and decided by the court en banc.

PER CURIAM.

Defendant appeals from the trial court's decision upholding the constitutionality of part of Minn. St. 473.413, subd. 6.[1] Defendant contends the entire subdivision should be declared unconstitutional.[2] We dismiss the appeal.

Plaintiff, Twin Cities Metropolitan Public Transit Area, is a public corporation and political subdivision of the state, which acts by and through its governing body, the Twin Cities Area Metropolitan Transit Commission (MTC). It owns and operates a public transit system which serves more than 50 percent of the persons using public transit systems in the area. Defendant,

---

[1] Minn. St. 1974, § 473A.09, subd. 6, which was in effect at the time the complaint was filed, was subsequently recodified as Minn. St. 473.413, subd. 6.

[2] The trial court held only that portion of § 473.413, subd. 6, italicized below to be unconstitutional. Minn. St. 473.413, subd. 6, provides: "There shall be transferred to and vested in the transit commission all of the powers and functions of the Minnesota department of public service with respect to any public transit system or part thereof which shall have been acquired or constructed by and is owned and operated by or under the authority of the transit commission. *Whenever and so long as such public transit system or systems in the aggregate serve in excess of 50 percent of the persons using public transit systems in the transit area as determined by the department of public service, all of the powers and functions of the department of public service over all public transit systems in the transit area shall be transferred to and vested in the transit commission.* With respect to a public transit system or any part thereof over which the transit commission shall exercise the powers and functions of the department of public service as hereinbefore provided the exercise of such powers and functions by the transit commission shall be exclusive and the department of public service shall not have authority to exercise such powers and functions with respect thereto. An appeal from any order or decision of the transit commission may be taken by any party aggrieved thereby in like manner and with like effect as provided by law for appeals in corresponding cases from the orders or decisions of the department of public service." (Italics supplied.)

George C. Holter, is an individual who owns and operates the Richfield Bus Company, a public transit system.

By authority of § 473.413, subd. 6, plaintiff is vested with regulatory powers, as enumerated in Minn. St. c. 221, over all public transit systems in the area. Pursuant to this authority, plaintiff issued a cease and desist order against defendant. Plaintiff initiated the present action to enjoin violation of its order by defendant, who defended on the grounds that Minn. St. 473.413, subd. 6, is unconstitutional.

The trial court agreed that, in so far as the statute authorizes plaintiff to regulate other public transit systems in the area, it denies defendant the right to a hearing before an impartial tribunal in contravention of the due process clause of U. S. Const. Amend. XIV and Minn. Const. art. 1. The trial court upheld the constitutionality of the statute in so far as it authorizes the MTC to regulate itself. Defendant appeals from the judgment upholding that part of § 473.413, subd. 6.

A party who is not aggrieved by a judgment may not appeal from it. See, In re Trust in Estate of Everett, 263 Minn. 398, 116 N. W. 2d 601 (1962); Singer v. Allied Factors, Inc. 216 Minn. 443, 13 N. W. 2d 378 (1944).[3] In In re Trust in Estate of Everett, 263 Minn. 398, 401, 116 N. W. 2d 601, 603 (1962), we quoted from 4 C. J. S., Appeal and Error, § 183b(1), p. 561, as follows:

"* * * To render a party aggrieved by an order, so as to entitle him to appeal therefrom, the right invaded must be immediate, not merely some possible, remote consequence, or mere pos-

[3] These cases were decided under Minn. St. 1961, § 605.09, and Minn. St. 1941, § 605.09, respectively, each of which provided: "An appeal may be taken to the supreme court by *the aggrieved party* in the following cases: * * *." (Italics supplied.) L. 1963, c. 803, § 8, amended § 605.09 to delete the explicit reference to "the aggrieved party." This deletion effected a change in form only. That a party must be aggrieved in order to appeal remains fundamental to the modern version of § 605.09, which is Rule 103.03, Minnesota Rules of Civil Appellate Procedure.

sibility arising from some unknown and future contingency; * * *."

Defendant is not aggrieved by that part of the judgment from which he appeals. Defendant prevailed below because the cease and desist order against him was denied enforcement. Dismissal of this appeal is neither a final adjudication of the constitutional issues ruled upon in the trial court nor a bar to an action by defendant in the event any act of self-regulation by the MTC were to result in an impermissible impairment of the rights of this defendant.

Costs and disbursements are disallowed to either party.

Appeal dismissed.