## WATERMAN *et als. v.* LAWRENCE *et als.*

In suit against infants for *partition* of a lot, the complaint stated that plaintiff owned an undivided interest in the lot in common with the infants, etc. The answer—filed by *guardians ad litem* appointed by the Court—denied such interest in common, and then averred that one W. held a separate interest in a particular portion of the lot; that his title came through an order of sale made in certain probate proceedings in the estate of the father of the infants; and that defendants were ignorant of any title in plaintiff. The Court rendered a decree which, after reciting that plaintiff was shown to be owner "of the one-fourth part of the fifty vara lot No. 75," describing the portion particularly as in the answer, and also the other facts stated in the answer as to the order of sale and proceedings under it in the Probate Court, concludes: "It is therefore considered that said defendants to this suit and all persons claiming under them, or either of them, the premises described above, be forever barred from all claim to any estate of inheritance or freehold in said premises;" *Held,* that the decree is *coram non judice* and void, because it goes beyond the case made in the complaint—to wit: a case of *partition* of common estate, and forecloses against the infants all claim to the land; that the *guardians ad litem* had no power to admit away, by their answer, the rights of the infants, and the Court had no power to give effect to such admission, as to a matter and for a purpose not within the scope of their appointment or the purview of the complaint.

*Guardians ad litem,* appointed to represent an infant in a case of *partition,* have power to defend for the infant solely against the claim set up for partition of the common estate; and their acts beyond this special limited power are void.

The proceeding for *partition* is a special proceeding, and the statute prescribes its course and effect; and though, after jurisdiction has attached, errors in the course of the cause cannot be collaterally shown to impeach a judgment, yet, so far, at least, as the rights of infants are involved, the Court has no jurisdiction except over the matter of partition.

A bill of review lies by an infant to set aside a decree rendered in a suit against him for partition of common estate, where the decree would operate as a cloud on or embarrassment to the title, and where the Court had no jurisdiction.

Whether, under our statutes, the infant, in an ordinary suit for partition in which the Court has acquired jurisdiction of the subject and the parties, has a right to appear and show cause, either before or after his arrival at age, against the decree, not decided.

The question, whether certain proceedings in 1849, had before Leavenworth, Alcalde, exercising probate jurisdiction in San Francisco, resulting in an order of sale and deed of the property of an estate, vested title in the purchaser, raised but not decided.

APPEAL from the Fourth District.

In addition to the facts stated in the opinion, these are added: 1st, the bill in the present suit avers, among other things, that the

decree in the partition suit brought by Lawrence was based entirely upon the *admissions and confessions* of the infants, made by their *guardians ad litem* in their answer therein, and that there was no evidence adduced ; and as this case comes up on demurrer to the complaint, the averment must be taken as true.    Further, the order for a decree in the partition suit is thus :  " Let a decree be drawn in accordance with the *confessions* of the answer.

(Signed)                                SHATTUCK."

And the decree itself begins :  " In this case, on application of plaintiff, and upon reading the pleadings on file herein, and it satisfactorily appearing to the Court therefrom that E. A. Lawrence is the lawful owner of the one-fourth part of fifty vara lot No. 75," etc.

The admissions or confessions of the guardians *ad litem* mentioned in the opinion of this Court, therefore, refer to the averments and denials in the answer filed by them in the partition suit, and not to any admissions otherwise proved in the cause.

The proceedings before Leavenworth, the decree in question recites as having been lost.    As set out in the answer of the infants in the partition suit, they consisted: 1st, of a petition by Mrs. Duncomb, now Mrs. Evans, to Leavenworth as Alcalde in 1849, stating that her husband, John Duncomb, had died the owner of fifty vara lot No. 75, and that this was all his estate excepting about fifty dollars of personal property ; that it was necessary to sell a portion of the lot for the support of the minor children of the deceased ; 2d, of an order by Leavenworth, acting as Probate Judge, on the representations of a family meeting that a sale was necessary, that petitioner sell and convey a certain defined portion of the lot to Waterman ; and further, that the tacit lien of the minors on the lot be transferred from this portion to the portion unsold ; and 3d, of a deed by her to Waterman.

Accordingly, she deeded Waterman the western one-fourth of the lot, which is the portion decreed to Lawrence in the partition suit. From the admissions in the briefs of counsel on the present appeal on both sides, Lawrence deraigned title from Waterman, though this fact does not appear in the record.

This action is brought to annul the decree in the partition suit for errors alleged to appear on its face, and among others the fol-

lowing, to wit: 1st, that Lawrence's title to the land claimed by him was denied in the answer, or at least not admitted, and that no proof was introduced to sustain the same ; 2d, that the attorneys who appeared for the infants had no power to disclaim their title ; 3d, that the action was for partition of land under our statute, and that it does not appear in the proceedings subsequent to the complaint that commissioners were appointed to make partition, and that the proceedings show that the statute was not complied with ; 4th, that it appears from the order of the Judge that the decree was based upon the confessions of the infant defendants, and without proofs; 5th, that the decree is absolute, and gives the infants no day in Court after they come of age to show cause against the decree ; 6th, that the Court had no power to render a decree settling the title to the land, but was confined to the relief asked in the complaint.

Defendants filed a demurrer to the complaint, on the ground: 1st, that it does not state facts sufficient to constitute a cause of action ; 2d, that the Court has no jurisdiction over the subject matter of the action.    Demurrer overruled, and defendants failing to answer, final judgment, setting aside the decree in question, and perpetually enjoining defendants from asserting any right or claim to the property in controversy by reason of said decree.    Defendants appeal.

*B. S. Brooks*, for Appellants.

I.    An infant has not a right, of course, to file a bill of review. If there has been any fraud upon an infant, he has the right to file such bill when he comes of age.    He ought not to have the right before he comes of age ; and the later authorities are to that effect. The form of the decree of the Court of Chancery which authorizes the infant to appear and show cause, is within six months after he comes of age.

But under our system of practice, there is no such right.    It was the practice of the Court of Chancery, in a certain class of cases, to insert a clause in the decree giving the infant a day in Court after coming of age ; but this was their practice and not a right, and though the principles of equity are adopted by us with the common law, yet the practice is changed, and there is now no

such practice. The cases in which the Court of Chancery especially reserved the infant's day in Court were partition cases ; and yet it is evident that no such reservation is contemplated in our statute. (Prac. Act, Title VIII, ch. IV.) Section two hundred and seventy-one provides that the right of all parties to the suit, plaintiff as well as defendant, may be put in issue, tried and determined by such action*; and by section two hundred and seventy-eight, "upon the report being confirmed, judgment shall be rendered that such partition be effectual forever on all parties to the suit; " and there is no exception or reservation on behalf of infants, and yet the rights of infants in the subject of such partition were in the minds of the Legislature, and especially provided for by the act. (Secs. 295, 299, 304, 305, 306, 307.) Another class of cases in which the Court of Chancery saved the rights of infants were mortgage cases ; but the provisions of our Practice Act concerning mortgages (Secs. 246, 247, 248, 260) are entirely inconsistent with any such idea. The Court is empowered by its judgment to order a sale and to dispose of the proceeds, and there is nothing said about saving the rights of infants or giving them any day in Court. Another class of cases in which the Court of Chancery saved the rights of infants was bills of *quia timet,* or as our act states them, " suits to determine adverse claims to real estate."

The Practice Act provides for the protection of the rights of infants in suit, (Secs. 9, 10) and then it provides (Sec. 17) " The Court may determine any controversy between parties before it when it can be done without prejudice to the rights of others or saving their rights," etc. There is no exception or saving of the rights of infant parties. They are to be bound like the rest.

II. Nor is there any soundness in the objection that the Superior Court made a decree different from that asked for in the prayer of the complaint. As to the subject matters of its jurisdiction, it was a Court of general jurisdiction. When the judgment is rendered by default, the plaintiff can take no further, other or different relief from that asked for in the complaint ; but in any other case, the Court may grant any relief consistent with the case made by the complaint and embraced within the issue. (Prac. Act, secs. 145, 149, 199.)

The decree was not made upon the admission of the infants. In the first place, the presumption is that the facts appeared to the Court by legitimate evidence, and there is nothing to show that the facts did not so appear. In the second place, it is immaterial how the facts upon which the decree was based came to the knowledge of the Court, if they were facts, and this is not denied. In the third place, the statement of new matter in the defendants' answer cannot be viewed in the light of admissions. It is the plaintiff Lawrence who admitted, and not the infants. In respect to that new matter, they stood before the Court as plaintiffs ; and as stated in Seaton, (266, marg.) "In general the Court follows the rule of law where it is held that an infant is as much bound by a judgment in his own action as if of full age ; " and at page 267 : "But in general, infants are as much bound as adults by the conduct of their solicitor."

III. A suit for partition forms no exception to the general power of the Court. Some New York cases hold that proceedings by petition for partition are not strictly suits or actions, but are special proceedings. But these cases depend on the Revised Statutes of that State. But we have no special proceedings by petition for partition. We proceed in this State by an ordinary action, and the suit is governed by the general rules laid down in the Practice Act. It is true, that as in the cases of mortgages, ejectment, replevin and divers other actions, there are certain provisions which specially regulate the action of the Court in these cases in some respects, but this does not in any respect alter the nature of the action. Partition is an original head of equity jurisdiction. (1 Story's Eq. Jur. 719.) To say that the Court is required to put the parties to the expense of commissioners, surveyors, &c., when they agree upon a partition, is absurd.

Suit for partition is an action, and in equity and when the subject matter is within the jurisdiction of the Court, and all parties in interest are brought within its jurisdiction, it may proceed to determine the rights of all parties respecting the *rem ;* and the decision is final and conclusive in regard to the *rem,* and it is immaterial what was the particular relief the plaintiff considered himself entitled to when he came in.

Respondents say that when the title is disputed we must proceed at law. Our law is different. The right to partition rests upon possession only. But here was no disputed title. We admitted the title to be as the defendants in this suit claimed it to be.

IV. Respondents insist that the proceedings of the Court of First Instance, in 1846, were erroneous, and asks for law to sustain them. In reply, I assert that the proceedings of that Court were strictly legal and regular, and ask him to show law to the contrary. The Alcalde was Judge *ex officio* of the Court of First Instance of this district. The Court of First Instance was a Court of general jurisdiction, having precisely the same jurisdiction as the Fourth District Court. It was not a Probate Court in the sense of our law. There was no Probate Court. It had jurisdiction over estates of deceased persons by virtue of its general and unlimited jurisdiction. (*Deck* v. *Gerke*, 12 Cal. 433.) The subject matter, then, was within its jurisdiction; the particular estate was within its territorial district. The parties in interest were all before it, and the decree or judgment that it made it had a right to make. (*Cloud* v. *El Dorado Co.*, 12 Cal. 133.)

*Chas. H. Parker*, for Respondents.

I. A bill of review is proper in this case. (Adams' Eq. 3 Am. Ed. 878, 879, note 1; *Whiting* v. *Bank of U. S.*, 13 Pet. S. C. 6; *Dexter* v. *Arnold*, 5 Mason, 311; *Webb* v. *Pell*, 3 Paige, 368; Story's Eq. Pl. sec. 407; *Riddle's Estate*, 19 Penn. 433.)

II. Proceedings by partition are commenced by statutory petition, and are therefore neither an action at common law nor a suit in equity. (Van Sant's Pl. 304: see case of *Hathaway* v. *Barbara Soto et al.*, decided July term, 1861; 3 Cow. P. R. 353; 5 Cal. 208.) Partition will not be decreed when the legal title is in dispute. (Adams' Eq. 519, note 1; so in Cal. Prac. Act, sec. 264.) In this case the title claimed was denied by the defendants, and no evidence was offered to prove such title, and none could be legally offered in a suit for partition. When title was denied, then it became necessary for the plaintiff to suspend proceedings until he had tried his right in an action of ejectment. His remedy was by a bill to quiet title.

III.   Confessions by an infant, however made, whether by express agreement or by his bill as plaintiff, or his answer as defendant, are unavailing and the facts must be proved by evidence. (Adams' Eq. 789; 1 Code R. 408; Van Sant's Pl. 293.)   No judgment can be entered against an infant upon the admission of his guardian.   (*Litchfield* v. *Barwell*, 5 How. 341; *James* v. *James*, 4 Paige, 119; *Crain* v. *Parker*, 1 Carter, [Ind.] 374; *Cost* v. *Rose*, 17 Ill. 276.)   When an infant is defendant, everything that is necessary to establish the plaintiff's rights against him must be proved, although it be such matter as would be freely admitted by an adult defendant.   (*Eaton* v. *Tillinghast*, 4 R. I. 276; *Tuttle* v. *Garrett*, 16 Ill. 354; *Wilmer* v. *Beal*, 4 Id. 408.)

IV.   Day in Court must be reserved in a decree against an infant.   (Adams' Eq. 879; Seaton's Forms of Decree, 188; Numerous authorities, 194, No. VII.)

V.   In relation to the proceedings set up in the answer and said to have taken place in the Probate Court in 1849, the counsel for the defense can find neither law nor precedent to sustain them.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

In 1855, Lawrence filed a complaint in the Superior Court of the city of San Francisco for a partition of certain real estate in that city.   Lawrence claimed that by certain mesne conveyances he held an undivided interest in fifty vara lot No. 75, which interest was held in common with certain heirs of one John Duncomb, some of whom were infants.   To this complaint the infant heirs filed their answer by John Evans and Margaret, his wife, the latter the widow of John Duncomb, and the mother of the defendants.   Evans and wife had been appointed by the Court their *guardians ad litem.* This answer purports to be filed " by John Evans and Margaret Evans as *guardians ad litem*," etc.   The answer denies that the plaintiff, Lawrence, had any common interest with them in the land, but avers that one Waterman holds a separate interest in a particular portion of the fifty vara lot described in the proceedings; that his title came through certain proceedings had in 1849, before one Leavenworth, Alcalde, exercising probate jurisdiction in San Fran-

cisco; and defendants aver ignorance of any title of Lawrence. A decree was rendered by the Judge of the Superior Court, reciting that Lawrence was shown to be the owner " of the one-fourth part of the fifty vara lot, No. 75 "—describing the portion particularly as in the answer; the decree also recites the other facts stated in the answer, as to the order of sale and proceedings under it had before Leavenworth.    The decree concludes as follows: " And therefore it is considered that said Margaret Evans, John Evans, her husband, and Sarah Mary Duncomb, Mary Ann Duncomb and Margaret Duncomb, defendants to this suit, and all persons claiming under them or either of them, the premises described above, be forever barred from all claim to any estate of inheritance or freehold in said premises.    And it is further ordered that all other proceedings in this behalf be and the same are hereby discontinued."

This present proceeding is a bill filed by these infants (who are now married) to set aside this decree of the Superior Court, upon the ground of errors of law appearing upon the face of it.

1. It will be perceived that, though the complaint of Lawrence makes a case of partition, the answer denies this claim, but insists that if the plaintiff has any claim at all, it is a separate and independent claim to a particular lot mentioned, with which the heirs have no connection and to which they have no right.    The guardians were appointed to defend the infants against the claim as made in the complaint; they had no authority to give, and gave no assent to a decree, not for partition or division of a common estate, but for a foreclosure of all claim of the infants and the quieting against them of the plaintiff's title to the particular piece of land mentioned in the decree.    The Court might as well have entered a decree affecting their title or declaring void their claim to any other property. The infants were not before the Court for any such purpose, and the appointment of the guardian being a special power exercised by the Court, and giving only special and limited authority to the guardians, it would seem that their acts, so far transcending this authority, would be void.    The guardians did not, and had no power to, admit away the rights of the infants, nor the Court to give effect to any such admission, *as to a matter and for a purpose not within*

Waterman *v.* Lawrence.

*the scope of the appointment or the purview of the complaint.* Its action in this respect would seem to be *coram non judice* and void.

It is contended by the appellant that the infants have no right to appear and review this proceeding, but that the decree is conclusive of their rights. It is enough to say that this proceeding for partition is a special proceeding, and that the statute prescribes its course and effect; and though, after jurisdiction has attached, errors in the course of the cause cannot be collaterally shown to impeach a judgment, yet so far, at least, as the rights of infants are involved, the Court has no jurisdiction except over the matter of partition, and has no power to render a decree divesting an infant's estate, not for the purpose of partition, but upon an adverse claim in the plaintiffs—in a suit brought against the infant merely for partition; for in this proceeding the Court appoints a guardian to defend for the infant solely against the claim set up for a partition of a common estate. A decree might as well be made in such a suit for a sum of money on the confession of the guardian of such indebtedness. The only authority of the guardian to appear is by virtue of the appointment, and the appointment limits the effect of the appearance to the subject matter of the suit in which the appearance is made. It is unnecessary to decide whether, under the statutes of this State, the infant, in an ordinary suit for partition in which the Court has acquired jurisdiction of the subject and parties, has a right to appear and show cause, either before or after his arrival at age, against the decree, for we have no doubt that a bill like this would lie at the instance of an infant to set aside a decree, where the Court had no jurisdiction, and where the decree would be a cloud on or embarrassment to the title.

The proceedings before Leavenworth, Alcalde, are not set out. It is urged by the appellant that they are sufficient to vest title in the party claiming through them. The case of *Kegans* v. *Allcorn* (9 Texas, 34) is a very strong one, to show that proceedings of the general character of those represented to have been taken before this officer will be upheld whenever it is possible to uphold them in consistency with law. The concluding observations of the learned Justice rendering the opinion in that case are marked by clearness and good sense. It would not be proper to pass upon this point

definitively at this time, as the facts are not fully before us, and moreover, the full benefit of any defense arising from these proceedings before the Alcalde can be had by the appellant in another form.

Judgment affirmed.