[Civ. No. 8593.   Second Appellate District, Division Two.—August 16, 1932.]

PAUL F. FRATESSA et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Rollin L. McNitt, David R. Faries and Stanislaus A. Riley for Petitioners.

Joseph L. Lewinson, Hewitt, McCormick & Crump and Mitchell, Silberberg & Davis for Respondent.

WORKS, P. J.—Petitioners and two others, as stockholders of the Sunset Pacific Oil Company, brought suit in respondent court for the purpose of procuring an accounting and to recover a money judgment from the defendants, excepting the corporation named, which was one of them. The suit was thus commenced because of the refusal of the corporation to begin such an action and was commenced for its benefit. Later, the corporation filed a cross-complaint praying for the relief which plaintiffs had demanded in the complaint. Later still, the property of the corporation was placed in the hands of a receiver under order of the United States District Court, and the receiver was substituted, in the action in the superior court, as cross-complainant in the place and stead of the corporation.

Counsel for plaintiffs, as it is alleged in the petition, without the knowledge or consent of petitioners, entered into and closed negotiations with the defendants for the purpose of compromising the subject matter of the suit, and at the time when the alternative writ in the present proceeding issued respondent court was engaged in the trial of the question whether the proposed compromise should be approved. Pending this trial petitioners moved respondent court for a substitution of certain counsel in the place and stead of those attorneys who had theretofore represented plaintiffs in the action, and the motion was denied. Petitioners then asked this court for the writ of mandate for the purpose of compelling the substitution of attorneys, and an alternative writ issued. The paper also contained language prohibiting respondent court from proceeding with the trial of the compromise question.

All of the matters above alleged appear, among other things unnecessary to point out, on the face of the petition.

Upon the return day respondents presented a demurrer to the petition and also an answer. Stipulations were then

made which disposed of all questions of fact and argument was presented upon the facts and upon the question of law raised by the demurrer together. The proceeding was decided from the bench, but as the minutes of the court show the orders made in a somewhat informal style, an amended or corrected order changing the form, but not the substance, of the orders as shown by the minutes, is appended to this opinion. In the orders made from the bench no disposition was made of the demurrer to the petition. That omission is supplied at the end of the amended orders to which we have referred.

▪ The reason for our conclusions may be very briefly stated, although many points were made at the argument. We think the petitioners, together with the two others joined with them as plaintiffs in the action, have become supernumerary parties in the trial of the question whether the compromise shall be approved by the court. This because the corporation filed cross-complaint and because the receiver was substituted for it as cross-complainant. We think this substitution was the equivalent of a substitution of the receiver as plaintiff in the place and stead of the eight persons who filed the complaint. There is therefore no room for a substitution of attorneys to represent either those eight or a majority of them.

We entertain no doubt that the receiver, under the order of the United States District Court requiring him to take possession of the assets of the corporation, took over the chose in action upon which the suit was founded, and that he is therefore a proper plaintiff in the action.

▪ At the hearing on the facts—law and facts having been presented together as above observed—it appeared that while respondent court denied the motion for a substitution of attorneys, it was ordered that the counsel desired to be substituted might "appear and represent the plaintiffs whom they represent". These plaintiffs were the same persons who are petitioners in the present proceeding. The counsel last mentioned were then and had theretofore been present in court. The special order made by the court would seem to have given the counsel the same powers, in so far as the question on trial was concerned, as would have been conferred upon them by a formal substitution.

The mandatory portion of the writ is vacated and a peremptory writ of mandate is denied without prejudice to a future application for the writ of mandate if respondent court shall refuse to approve the compromise now before it for approval. The prohibitive features of the writ are vacated. Demurrer sustained.

Justice Thompson, although he was present on the bench when this proceeding was determined and participated in the decision, does not participate in the foregoing opinion, as he is now absent.

Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 29, 1932, and an application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 22, 1932.