[L. A. No. 13996. In Bank—April 3, 1933.]

ARTHUR M. LOEB et al., Plaintiffs and Respondents, v. JACOB BERMAN et al., Defendants and Respondents.

F. H. ROLAPP, as Receiver, etc., Cross-Complainant and Respondent, v. ARTHUR M. LOEB et al., Appellants.

Rolin L. McNitt and Stanislaus A. Riley for Appellants.

Joseph L. Lewinson, Hewitt, McCormick & Crump and Mitchell, Silberberg & Davis for Respondents.

PRESTON, J.—Motion to dismiss appeal taken from certain orders entered in the minutes of the court in the above-entitled cause on August 9, 1932. Several grounds are urged for the dismissal but, being satisfied that appellants are not aggrieved parties within the meaning of the statute governing appeals, we rest our action upon a brief discussion of this question alone.

The Sunset Pacific Oil Company, a corporation, is the successor of the Julian Petroleum Corporation. Appellants, a portion of a group of stockholders of said corporations, urged that a cause of action existed against Jacob Berman and a vast number of other persons, growing out of alleged issuance and sale to the public of spurious stock certificates

in said Julian corporation, which produced great profit to the wrongdoers at the expense of the corporation. Accordingly, they demanded of the said renamed corporation that it sue said parties for an accounting as to these profits. The corporation at first failed to act on this demand and appellants, together with two other stockholders, on October 8, 1929, instituted on behalf of the corporation an action against said parties in the Superior Court of the County of Los Angeles for the purpose of regaining for the corporation said alleged profits. The corporation itself was made a party, but no relief against it was sought nor was any director or other officer thereof made a party. On May 2, 1930, however, the corporation reconsidered its decision and filed a cross-complaint in said action, urging the same cause of action and seeking relief against the same defendants as were said stockholders, but asking no relief against the plaintiff stockholders themselves or any of them. It is thus seen that the corporation in effect moved to supplant the plaintiffs and, if it did in fact do so, their appeal here must be dismissed. No affirmative relief was asked by the corporation in its cross-complaint against any of the stockholders thereof. The case in its legal essence became one by the corporation itself against the other defendants.

The later developments are that while this action was pending and undetermined, to wit, on August 28, 1931, in an action then pending in the United States District Court for the Southern District of California, styled *Berryessa* v. *Sunset Pacific Oil Co.*, No. U-100-H, receivers were appointed for the Sunset Pacific Oil Company, a corporation, with explicit plenary and specific powers. Later one Rolapp became the sole receiver. Still later and on the nineteenth day of February, 1932, in a foreclosure action in the same court against said corporation, an order of consolidation was had of the two causes and said receiver was continued with enlarged powers specially conferred by order of the court.

It should also be here noted that theretofore and on September 23, 1931, the receiver was authorized and directed to apply to the above-mentioned Superior Court to be substituted in said action for said corporation as cross-complainant therein and was authorized, when so substituted, to take action in said cause, either to prosecute or to compromise it,

subject in either instance to the approval of the federal court. He was specifically ordered to supplant the appellants here as plaintiffs in the action. On January 6, 1932, the substitution was duly made and the receiver thenceforth acted for the corporation in said action. Thereafter, and on July 8, 1932, the receiver was directed by the federal court to present to the Superior Court a petition seeking its order approving a proposed compromise and settlement of said action, subject to a later approval by the federal court. Thereafter and on July 13, 1932, the said receiver duly filed in said court such petition for an order approving said proposed compromise and settlement of said action.

An order to show cause was duly issued on said petition and notice given to the stockholders as well as all other interested persons. Hearing on the petition began July 25, 1932. At that time six of the eight persons who started the action applied to the court for a substitution of attorneys therein. The hearing was continued to July 27, 1932. This motion was on the latter date denied, but said stockholders were accorded the right to be heard in opposition to the said proposed settlement. At this juncture said stockholders applied to the District Court of Appeal, Second Appellate District, Division Two, for a writ of mandate to compel the Superior Court to permit said substitution of attorneys. The appellate court, on the hearing, denied the petition, giving as its reasons, in part, the following:

"The reasons for our conclusions may be very briefly stated, although many points were made at the argument. We think the petitioners, together with the two others joined with them as plaintiffs in the action, have become supernumerary parties in the trial of the question whether the compromise shall be approved by the court. This because the corporation filed cross-complaint and because the receiver was substituted for it as cross-complainant. We think this substitution was the equivalent of a substitution of the receiver as plaintiff in the place and stead of the eight persons who filed the complaint. There is therefore no room for a substitution of attorneys to represent either those eight or a majority of them." (*Fratessa* v. *Superior Court*, 125 Cal. App. 373 [13 Pac. (2d) 544].) Thereafter and on Septem-

ber 27, 1932, this court approved the action of the District Court of Appeal.

As above noted, on August 9, 1932, the court made and entered its order approving said compromise and settlement and also fixing attorney's fees and made all the orders complained of by the notice of appeal herein, which said notice of appeal was not filed until October 24, 1932. But we need not pause to consider whether the appeals were taken within the time allowed by law, for from the above statement of facts, coupled with the above-cited holding of the appellate court, it is impossible to accord appellants the right of appeal. At most, their right to institute the suit depended upon the failure of the corporation itself to act. The cause of action, if any, was in favor of the corporation alone and not in favor of the stockholders in their capacity as such.

In the case of *Whitten* v. *Dabney,* 171 Cal. 621, 631 [154 Pac. 312, 316], the position of stockholders in an action of this kind is defined and it is there held that a stockholder is permitted to sue in such a matter simply in order to set in motion the judicial machinery of the court; that "His position in the litigation is in every sense the precise equivalent of that of the guardian *ad litem,*" and in such case, of course, the infant and not the guardian is the real party. Therefore when the corporation, acting in good faith, by its cross-complaint declared upon the same cause of action set forth in the complaint of the stockholders, the stockholders from that moment on became supernumerary parties. We thus have a situation where if the corporation itself were the respondent, the stockholders would have no right of appeal (*In re New England etc. Co.,* 9 Fed. (2d) 344). In addition, we have the fact that the receiver, with full power to act and with specific authority to compromise the very litigation, has supplanted the corporation itself. In *Seaman* v. *McCulloch,* 8 Fed. (2d) 820, the power of a court of equity to empower a receiver to dismiss an action similar to the one here involved was recognized. Hence upon two grounds at least the stockholders are in no position to be heard. Moreover, the decision in the Fratessa case, *supra,* is *res judicata* to the effect that appellants are not any longer necessary parties to the litigation and therefore they may not appeal. (*Reynolds* v. *Churchill Co.,* 187 Cal.

543 [202 Pac. 865] ; *Price* v. *Sixth Dist. Agr. Assn.*, 201 Cal. 502 [258 Pac. 387].)

The motion to dismiss is granted and, pursuant to stipulation of the parties, *remittitur* may issue forthwith.

Shenk, J., Waste, C. J., Langdon, J., Curtis, J., and Seawell, J., concurred.