[Civ. No. 1386. Fourth Appellate District.—March 14, 1935.]

A. E. RUSSELL, Petitioner, v. ERNEST WEYAND, as Judge *pro tem.*, etc., Respondent.

J. L. Royle for Petitioner.

Morgan J. Doyle and Walter M. Gleason for Respondent.

JENNINGS, J.—By this proceeding in *mandamus* the petitioner seeks to compel respondent to certify a type-written transcript on appeal prepared at petitioner's direction so that he may thereby be enabled to perfect an appeal from an order made by respondent in a certain action which he and three other persons had instituted. This action was entitled *Russell et al.* v. *Rougheot et al.*

From the petition and respondent's return thereto it is apparent that the action of *Russell* v. *Rougheot* was one that was instituted by petitioner and his associates as stock-holders of a corporation for the benefit of the corporation. It is evident not only from the allegations of the complaint generally but from the particular allegations contained in paragraph XXII of the complaint wherein it is stated "That plaintiffs institute this said action for and on behalf of the said Elberta Oil Company and all the stockholders thereof." The representative character of the action is further made apparent by the prayer of the complaint. The judgment which was rendered at the conclusion of the trial yields further evidence of the nature of the action. We do not understand that petitioner contends otherwise. The position which plaintiffs occupied in the litigation was therefore the precise equivalent of that which is occupied by a guardian appointed by the court to act for a minor or an incompetent who is a party to an action. The plaintiffs were, so to speak, authorized by statute to act as guardians *ad litem* for the corporation of which they are shareholders. The principles governing the conduct of guardians *ad litem* were therefore applicable to them. ■ The corporation and not plaintiffs was the real party plaintiff in the action. Plaintiffs, if regarded as parties to the suit, could at most be considered merely nominal parties plaintiff. In such a situation it was the duty of the court before whom the action was pending to protect the interests of the corporation and to exercise supervision over the conduct of plaintiffs. The court and not plaintiffs had the authority to compromise the rights of the corporation under suitable circumstances (*Whitten* v. *Dabney,* 171 Cal. 621 [154 Pac. 312]). That the trial court realized the applicability of

the above-stated legal principles to the action brought by plaintiffs against the recalcitrant directors of the corporation and was cognizant of the duty which was imposed upon it under the circumstances is apparent from the provisions of the judgment which was rendered at the conclusion of the trial. This judgment provided that title to various parcels of land and leasehold interests in other parcels belonged to the corporation and not to the persons who had acquired record title or who were the record owners of such leasehold interests. The latter were adjudged to be trustees of the interests which they had acquired for the corporation and were ordered to transfer such interests to the corporation. To effectuate such transfer and to make certain that it was accomplished the court appointed a receiver who was specifically ordered and directed to execute the necessary conveyances and assignments to the corporation in the event that the various defendants in the action should fail, within a limited period of time, to comply with the court's order. It was further recited that the receiver was appointed for the purpose of carrying the judgment into effect. The possibility that a compromise of the judgment might be considered was recognized and it was specifically provided that the receiver should have no power or authority to make a compromise or to release any of the judgment debtors except upon the court's order authorizing such compromise. The court further expressly retained jurisdiction of the action until the judgment should be carried into effect.

The petition shows that an appeal from the judgment was perfected by the defendants in the action and that while such appeal was pending a compromise of the judgment was sought to be effected. The trial court's officer, the receiver, evidently arrived at the conclusion that the compromise would be for the best interests of the corporation for whom he was acting. In exact conformity with the provisions of the judgment he thereupon sought the court's consent to and approval of the compromise. Petitioner herein was notified that the compromise agreement would be presented for the court's approval and he was present and was represented by counsel when the matter came before the court. At this time he presented his objections to the approval by the

court of the proposed compromise. It should further be observed that, subsequent to the rendition of the judgment the stockholders of the corporation had selected an entirely new directorate, that the new directors had approved the compromise, that the compromise was then submitted to the stockholders at a meeting duly called for the purpose and that a large majority of those shareholders who were present or represented by proxies approved the compromise. It is significant that the record shows that petitioner was present at this meeting, that he controlled 5 shares of stock, and that he did not vote these shares on the question of whether or not the compromise agreement should be approved. The record also shows that when the compromise was submitted to the court for its approval the court received evidence and came to the conclusion that the compromise was proper, and in all respects a fair, just and equitable compromise, that it was beneficial and advantageous to the corporation and should be approved and confirmed. It further appears that the compromise agreement expressly provided that the defendants in the action instituted by petitioner and his associate shareholders should dismiss the appeal taken by them from the judgment rendered in the action and that the appeal was duly dismissed.

From the trial court's order approving and confirming the agreement for compromise of the judgment petitioner gave notice of appeal and ordered a typewritten transcript prepared for the prosecution of this appeal under the alternative method. Petitioner then gave notice that on a certain date the transcript would be presented to the trial court for approval and certification. Upon presentation of the transcript the trial court refused to certify the same. The petitioner then filed his petition in the Supreme Court for the issuance of a writ of mandate directed to the trial court requiring said court to certify the transcript prepared as aforesaid. The Supreme Court thereupon ordered that an alternative writ of mandate issue and referred the matter to this court for hearing and determination. This court then issued the alternative writ requiring the respondent court to certify the transcript on appeal or to show cause on a specified date why it had not done so. Respondent has duly filed a return to the petition. The question which is

here presented is whether upon the facts set forth in the petition and in respondent's return thereto this court shall order respondent to certify the transcript or discharge the writ.

It is petitioner's contention that he was clearly entitled to appeal from respondent's order confirming the compromise agreement, that respondent was not justified in refusing to certify the transcript on appeal, and that respondent should now be required to certify the same.

In opposition thereto respondent contends, first, that the order from which an appeal was sought to be taken was not an appealable order and, second, that even if it is, petitioner is not entitled to perfect an appeal therefrom since he is not a party who may properly be declared to be aggrieved thereby.

It is our conclusion that the second of respondent's above-stated contentions is clearly correct and must be sustained. If, as was decided in *Whitten* v. *Dabney, supra,* petitioner and his co-plaintiffs in the original action which they instituted against the recalcitrant directors of the corporation are not entitled to be regarded as parties to the action then they have no right to take the appeal which forms the background for petitioner's application for a peremptory writ of mandate in the present proceeding. Certainly if, as was declared in the last mentioned decision, the respondent court, and not petitioner and his associates, was empowered to compromise the rights of the corporation, it is obvious that the respondent has exercised this authority. It is further manifest that the respondent recognized the duty imposed upon it of fully protecting the rights of the corporation. Respondent's insistence of assuring adequate protection to the corporation is evidenced by the appointment of a receiver who was expressly directed to effectuate the court's express order that the property which the court had found belonged to the corporation should be conveyed to the corporation. The possibility that an effort might be made to compromise the judgment was not overlooked and the respondent court specifically provided that its receiver should have no power or authority to compromise the judgment or to release any of the judgment debtors except upon the approval of respondent and jurisdiction over

the action was expressly retained until the judgment should be carried into effect.

It is our opinion that the reasoning of the decision in *Loeb* v. *Berman,* 217 Cal. 716 [20 Pac. (2d) 685, 686], is directly applicable to the situation which is here presented. That there are some points of differentiation between the present proceeding and the cited case may be conceded. In *Loeb* v. *Berman, supra,* a group of stockholders of the Sunset Pacific Oil Company, the successor of the Julian Petroleum Corporation, urged that a cause of action existed against certain individuals because of the issuance and sale to the public of spurious stock certificates in the Julian Corporation which had produced great profit to the wrongdoers at the expense of the corporation. These stockholders accordingly demanded of the corporation that it sue said parties for an accounting as to these profits. The corporation at first failed to act on the demand whereupon Loeb and two other stockholders instituted an action on behalf of the corporation for the purpose of regaining the said alleged profits for the corporation. The corporation itself was made a party to the suit although no relief was sought against it nor was any director or other officer made a party. Up to this point there is only one feature which differentiates the action taken in the cited case from the action originally instituted by petitioner and his associates. This is that a demand was first made upon the corporation to bring the action. No such demand was made prior to the institution of the action by this petitioner. The reason for the lack of such demand is obvious. In petitioner's suit the action was brought against the entire directorate of the corporation which was alleged to have been flagrantly derelict in the duty which it owed to the corporation. The futility of demanding that the corporation which was under the control of the very persons against whom the cause of action was alleged should bring the suit is apparent.

In the Loeb case the corporation which had refused the demand of its stockholders to bring the action suffered a change of heart and thereupon filed a cross-complaint in the action urging the same cause of action and seeking relief against the same defendants who were named in the suit but

asking no relief against its stockholders who had brought the action. This is also a point of differentiation between the action brought by petitioner and that brought by the stockholders in the Loeb case. The reason for this difference is likewise apparent. It could not be expected that the corporation in petitioner's suit, since it was controlled by the very defendants against whom relief was sought, would experience any change of heart. The corporation in this proceeding therefore did not file any cross-complaint or in any manner seek to render its directors accountable for the fraud which was alleged to have been perpetrated upon it.

In the Loeb case a receiver was appointed for the corporation and was substituted for the corporation in the action. Thereafter the receiver applied to the court for its approval of a proposed compromise and settlement of the action. This application was granted after a hearing and the court made its order approving the compromise. The plaintiffs thereupon took an appeal from the order. This appeal was dismissed by the Supreme Court on the ground that the appellants had become purely supernumerary parties to the action from the time the corporation, acting in good faith, had filed its cross-complaint declaring the same cause of action which was set forth in the complaint and therefore appellants could not be regarded as parties to the action who were aggrieved by the order and entitled to appeal therefrom. The decision noted that an additional reason for refusing to consider the appeal existed by reason of the fact that a receiver for the corporation had been appointed with power to act and with specific authority to compromise the litigation.

Petitioner, in addition to the points of differentiation between the Loeb case and the present proceeding which have already been noted, stresses the following facts: that in the Loeb case a receiver was appointed by the court who was substituted in the action for the corporation and who was expressly authorized to compromise the litigation. These facts, it is urged, sufficiently distinguish the decision in the Loeb case from the situation which is here presented and render the opinion in the Loeb case inapplicable to the present problem. With this contention we cannot agree. While it is true that in the Loeb case a receiver with specific au-

thority to compromise had been appointed for the corporation and had been substituted for the corporation this was only one ground upon which the decision was based. This is evident from the following language used by Justice Preston when, after observing that the receiver had supplanted the corporation in the action, he said: ''Hence upon two grounds at least the stockholders are in no position to be heard.'' The other ground is that from the time the corporation appeared in the suit the stockholders became supernumerary parties in the action. While it is true that in the instant proceeding the corporation never appeared it must be remembered that the action originally instituted by petitioner and his associates was brought for the benefit of the corporation and the relief which was sought was for the advantage and benefit of the corporation. Certainly when the court, recognizing the character of the action, appointed a receiver to protect and safeguard the interests of the corporation, petitioner and his associates then became purely supernumerary parties to the action and could not be considered as aggrieved by the order from which they sought to perfect an appeal. We therefore regard the reasoning in *Loeb* v. *Berman, supra,* as directly applicable to the problem here presented and decisive of it.

 . Petitioner further contends that the respondent was not justified in refusing to certify the transcript because it is said that this refusal was tantamount to a pre-judgment by the respondent trial court of petitioner's right to appeal which is declared unjustified and unwarranted. It is confidently urged that petitioner had the right to appeal from the court's order and a determination of whether the appeal is proper or whether it shall be dismissed as improper is not for the trial court but is a question to be decided by the court to which the appeal may be taken.

This contention is not convincing. Section 938 of the Code of Civil Procedure provides that any party aggrieved may appeal. That a party shall be aggrieved by a judgment or order is therefore a condition upon which the right to appeal depends. When, therefore, it is obvious to a trial court that an individual who proposes to prosecute an appeal is not aggrieved by the order from which it is proposed that the appeal be taken, the trial court is certainly

justified in refusing to lend its assistance to an act which is obviously idle and futile.

For the reasons stated, the writ heretofore issued is discharged.

Barnard, P. J., and Marks, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 13, 1935.